Cox *v.* Cox, Appellant.

Argued March 22, 1967. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*Nicholas Kozay, Jr.,* with him *Katz, Kozay, Burgess & Black,* for appellant.

*Garland D. Cherry,* for appellee.

OPINION PER CURIAM, June 16, 1967:

Decree affirmed. Having made an independent study of the entire record, we are of the opinion that the court below properly granted a decree in divorce a.v.m. in this case.

———

DISSENTING OPINION BY HOFFMAN, J.:

In the instant case, the husband has set forth a series of events which, standing alone, would certainly

justify the granting of a divorce on the ground of indignities.

The record in this case presents a problem, however, which should be considered at greater length. The wife defendant, over a period of thirteen years, had been an inmate at various mental hospitals on twelve different occasions. She had been treated by psychiatrists at a cost of approximately $25,000. Moreover, the indignities alleged were often of so extreme a nature that they appear to be the product of an unsettled mind. For example, the wife telephoned her husband no less than 150 times at his office in one day.

"Nothing is better established in our law than that [mental] ill health both explains and excuses a wife's conduct, and that the acts of a spouse resulting from ill health do not furnish a ground for divorce." *Fawcett v. Fawcett,* 159 Pa. Superior Ct. 185, 187, 48 A. 2d 23 (1946). See also *Urbanski v. Urbanski,* 206 Pa. Superior Ct. 329, 213 A. 2d 219 (1965). The husband argues, in response, that the defense of mental illness is an affirmative one, and that the wife failed to sustain her burden of proving that she did not know the nature or consequences of her action. *Manley v. Manley,* 193 Pa. Superior Ct. 252, 164 A. 2d 113 (1960). The husband's argument in this regard is generally correct.

The facts in the instant case were very extreme, however. In light of the serious danger signals here, I believe that the Master was required to initiate his own investigation into the wife's mental state. It was incumbent upon him to summon experts who might testify as to the wife's mental condition.

We should not overlook the statement of President Judge RICE in *English v. English,* 19 Pa. Superior Ct. 586, 598 (1902), "In divorce proceedings . . . [there is a] well recognized principle, often expressed in the

words, 'The commonwealth is always the unnamed third party to the proceeding.' Divorces are granted on public grounds and not to suit the mere desires of the parties."

In recognition of this, the Rules of Court of Delaware County, where this action was instituted, specifically provide: "The Master may summon witnesses not called by either party and examine them if he thinks their testimony would be material." Rule 600.

In the special circumstances of this case, I believe the Master abdicated his responsibility to assure that the Commonwealth's interest in preserving marriage was not subverted.

I would remand this case to the lower court with directions that a new hearing be held at which time the court might consider defendant's mental state at the time of the indignities charged.

WRIGHT, J., joins in this dissenting opinion.