478 A.2d 1387

COMMONWEALTH of Pennsylvania ex rel.
Sheryl B. BANKS

v.

David BANKS.

Appeal of Sheryl B. BANKS, Appellant.

Superior Court of Pennsylvania.

Argued May 20, 1983.

Filed July 27, 1984.

130

Warren L. Soffian, Philadelphia, for appellant.

Samuel B. Brenner, Philadelphia, for appellee.

Before HESTER, CAVANAUGH and BROSKY, JJ.

HESTER, Judge:

Appellant, Sheryl B. Banks, and appellee, David Banks, were married on November 5, 1967. One child, Amy, was born of the marriage and resides with appellant. The parties were divorced from the bonds of matrimony in November, 1977.

On April 13, 1977, the parties agreed that appellee was to pay $125.00 per week for the support of Amy. An Order of Court was entered pursuant to this agreement. On December 6, 1977, appellee filed a Petition to Reduce the support payments and appellant responded with a Petition for Increased Payments, a Petition for Attachment and a Petition to Reduce Arrearages to Judgment.

Following a hearing on February 5, 1979, the court granted appellee's petition and reduced child support payments from $125.00 to $75.00 per week. Appellant appeals from that order. This appeal is before us for the second time.

In *Banks v. Banks*, 275 Pa.Super. 439, 418 A.2d 1370 (1980), this Court concluded that the lower court abused its discretion in granting appellee's Petition to Reduce the support payments. The lower court there erred in placing

the burden of proof on appellant and in issuing an order unsupported by the evidence. Despite our holding in *Banks, supra,* we did not determine the amount of support that was justified under the circumstances. Instead, due to the inadequacy of the record, we remanded for a further hearing to be conducted according to the principles discussed therein "and in the further expectation that if another appeal is taken, we shall have the benefit of an opinion in which the lower court evaluates such conflicts as the evidence may present, and explains how it reached its conclusion." *Id.,* 275 Pa.Superior Ct. at 450, 418 A.2d at 1376.

On October 19, 1981, a hearing was conducted by the lower court pursuant to our remand. The parties agreed, with the lower court's reluctant approval, to have the matter resolved primarily from the record established at the first hearing on February 5, 1979. They proceeded, however, to take further limited testimony from both parties concerning appellee's 1977 federal income tax return.

■ In accordance with this Court's request for an explanation of its findings on remand, the lower court set forth the following bases for again granting appellee's Petition to Reduce support payments:

1) Appellee's income decreased from a gross annual salary of $17,000.00 in 1977 to $10,185.97 net in 1978;

2) Appellee's weekly living expenses were $354.13;

3) Appellee's bank deposits totaling $16,000.00 from October, 1977 to October, 1978 were made possible from accumulated earnings and $3,000.00 borrowed from his father; therefore, part of his living expenses were satisfied from this loan and earnings other than the most recent annual income;

4) Appellee's Keogh Plan amounted to $8,800.00, and was made possible from earnings accumulated in 1975 and 1976;

5) Appellee's two, four-day vacation trips in 1977 were not as expensive as appellant intimated; the combined cost was between $750.00 and $950.00;

6) Appellant was unemployed when the first support order was filed on April 13, 1977; however, at the hearing on appellee's Petition to Reduce, she was working part-time and earning a net weekly salary of $81.00;

7) In August, 1978, appellant sold her share of the parties' marital residence to appellee for $18,000.00 (funds which appellee borrowed from his father);

8) Appellant's monthly expense list for the parties' daughter, totaling $900.00, was not credible.

In *Banks, supra,* this Court concluded that appellee had not met his burden of proof. We did not accept as satisfactory appellee's explanation that his Keogh Plan was funded from other accounts or loans, and the hearing on remand along with the lower court's statement of reasons did not erase the nebulous explanation offered.

Moreover, we noted in *Banks, supra,* the careful scrutiny that must be employed in evaluating appellee's allegation of reduced income due to his self-employment and earning of income on a commission basis. See *Commonwealth ex rel. Naselsky v. Naselsky,* 199 Pa.Super. 270, 184 A.2d 288 (1962). Employment under such circumstances renders a determination of actual income quite onerous. Although the lower court indicated in its memorandum following the hearing on remand that the total cost of appellee's vacations to Nassau and the Bahamas was relatively insignificant, no *satisfactory* explanation was given why the alleged reduction in income was contradicted by the "disproportionately higher bank deposits", the growth of the Keogh retirement plan and the rental of a summer residence. We recognize that the lower court noted borrowed funds from appellee's father and the accumulation of earnings from prior years as the sources for bank deposits, the retirement plan and the summer home; however, no bank statements reflecting the accumulation of earnings or written evidence of the loan were presented at the hearing on remand. Additionally, appellee presented no commission statements or accountant's report that may have better explained the

discrepancy between income and deposits. We are aware, of course, that appellee presented his 1977 income tax return on remand; nevertheless, we do not believe that satisfied his burden. As we noted in *Banks, supra,* income tax returns are not infallible devices for measuring earning capacity, particularly where the income-earner is self-employed. *Commonwealth v. Miller,* 202 Pa.Super. 573, 198 A.2d 373 (1964).

We continue to maintain that appellee did not meet his burden of proof. In doing so, we are not interfering with the lower court's fact-finding authority. As we noted in our earlier *Banks* opinion, our scope of review is limited to the clear-abuse-of-discretion standard. *Commonwealth ex rel. Hauptfuhrer v. Hauptfuhrer,* 226 Pa.Super. 301, 310 A.2d 672 (1973); *Weiser v. Weiser,* 238 Pa.Super. 488, 362 A.2d 287 (1976). We found earlier, as we find again here, that the lower court abused its discretion. The lower court did not properly evaluate the evidence and arrive at the correct result. It is evident that the court neglected to look beyond the earnings as they were presented by appellee; it erred in choosing not to consider points of cross-examination, appellee's investments and his standard of living.

We reverse that portion of the order of October 27, 1981, which found sufficient evidence justifying a reduction. It is not necessary to remand for a further evidentiary hearing in light of the parties' desire to primarily rely upon the original record on the issue of reduction. Furthermore, appellee does not have sufficient, additional evidence to sustain a reduction.

■ We reinstate the order of April 13, 1977, retroactive to February 5, 1979, the original date of reduction. In *Commonwealth ex rel. Roviello v. Roviello,* 229 Pa.Super. 428, 323 A.2d 766 (1974), an order dated June 29, 1973 was entered by the trial court awarding $90.00 per week in support for a minor child and $60.00 per week in support for the plaintiff-wife. At the conclusion of a hearing conducted one month later, the trial court continued the ninety-dollar child support but revoked the June 29th order to the extent

it provided for spousal support. On the wife's appeal from the order revoking spousal support, we reversed and reinstated the entire June 29th order, retroactive to the revocation date.

The June 29th order in *Roviello, supra,* was reinstated due to our holding that the lower court utilized an improper means to revoke it in part. On the other hand, the April 13th order here is reinstated on grounds of abuse of discretion. These dissimilarities, however, do not preclude our reliance on *Roviello* for the purpose of reinstating the April 13th order, retroactive to the original date of reduction.

The *Roviello* court did not discuss the retroactive effect of its order; presumably, it was not at issue. Irrespective of the absence of analysis, we are of the opinion that *Roviello* correctly reinstated the order retroactively. It would be anomalous here to reinstate the order of April 13, 1977 prospectively. To do so would reward appellee for the lower court's error which has persisted for more than five years.

Although not directly applicable, as it addressed the retroactivity of a lower court support order to the date of filing the complaint, the policies discussed by this Court in *Shovlin v. Shovlin,* 318 Pa.Super. 673, 465 A.2d 673 (1983), are of assistance. As in *Shovlin,* we find no justification for reinstating the April 13th order prospectively. Similarly, we note that non-retroactivity unduly harms appellant who has demonstrated her continuing entitlement to child support as set forth in the April 13th order. Non-retroactivity would penalize her for the typical delay of judicial proceedings.

Appellant urges us to set arrearages and to establish a repayment schedule for payment of same. Although we are aware that support was reduced on February 5, 1979, we are unaware of the moment appellee began paying the reduced amount or whether he regularly paid the reduced amount thereafter. Therefore, the lower court must set arrearages.

■ Also, without information regarding appellee's ability to pay the substantial arrearages, we are not equipped to design an equitable payment schedule. It may be that appellee's financial resources permit a lump sum payment of arrearages or justify installment payments over a period of time. We leave this determination to the lower court. If the lower court is compelled to establish installment payments, we direct it to set the monthly amount with more emphasis on appellant's immediate need for total arrearages than on appellee's ability to pay. In doing so, the lower court shall be mindful of our holding that appellee did not produce evidence justifying a reduction. The lower court shall not employ its belief that a reduction was in order when determining the term of payment of arrearages. Although arrearages are substantial, the payment term shall not be protracted and shall reflect the fact that appellee unlawfully used the arrearages for greater than five years.

■ Appellant's petition for increase was similarly before the lower court. In *Banks, supra,* we did not rule on the lower court's denial of the petition for increase. Instead, we instructed the lower court to also consider the petition for increase on remand. With the exception of testimony concerning appellee's 1977 income tax return, the parties elected also to submit their cases on remand of the issue of increase as per the original trial. In light of the evidence adduced at both the original hearing and the hearing on remand, we see no basis for finding the lower court to have abused its discretion in denying the petition to increase. *Commonwealth ex rel. McClelland v. McClelland,* 303 Pa.Super. 540, 450 A.2d 58 (1982); *Commonwealth ex rel. Buchakjian v. Buchakjian,* 301 Pa.Super. 213, 447 A.2d 617 (1982).

Order is reversed in part and affirmed in part. The original order of April 13, 1977, which set child support at $125.00 per week plus Blue Cross/Blue Shield coverage, is reinstated, retroactive to February 5, 1979. Case remanded solely for the purposes of setting arrearages and establish-

136

ing an equitable method of payment thereof. Jurisdiction relinquished.

CAVANAUGH, J., notes his dissent.