481 A.2d 1218

**Nanette KOLLER, Appellant,**

v.

**David A. KOLLER.**

Superior Court of Pennsylvania.

Argued July 12, 1984.

Filed Sept. 21, 1984.

Sandor Engel, Allentown, for appellant.

Richard J. Shiroff, Easton, for appellee.

Before WIEAND, OLSZEWSKI and POPOVICH, JJ.

OLSZEWSKI, Judge:

David A. Koller, appellee, filed a petition for modification from a support order entered on April 15, 1982. By the terms of the order, Mr. Koller was to pay $100.00 per week for the support of his two minor children and $50.00 per week to Nanette A. Koller, appellant. On February 3, 1983, after review by the Domestic Relations Section and a hearing, the Honorable Richard D. Grifo filed an order reducing the support to an unallocated $102.00 per week. Mrs. Koller appeals from that order.

The facts of the case are as follows. Mrs. Koller filed a petition for support against Mr. Koller on March 28, 1982, seeking support for herself and the parties' two minor children. Mr. Koller was then employed as a tool technician with an income of approximately $230.00 per week. The parties reached an agreement for support in the amount of $150.00 per week. The court below accepted the agreement by order of April 15, 1982, including a stipulation that any income earned by the wife would not be the subject of a review for modification while the children remained of tender years. No appeal was taken from the order.

In December 1982, Mr. Koller filed a petition for modification. The basis for this petition was that Mrs. Koller was working increased hours. After conference, the hearing master recommended that the original support order be upheld. Following a hearing before the Honorable Richard D. Grifo, an order was entered reducing Mr. Koller's support payments to $102.00 per week.

Appellant argues that the lower court abused its discretion in finding a substantial change in circumstances to allow a reduction in the original support order. We agree.

The role of an appellate court in support proceedings is limited; absent a clear abuse of discretion, we will defer

to the order of the lower court. *Commonwealth ex rel. Vona v. Stickley,* 287 Pa.Super. 296, 430 A.2d 293 (1981). A finding of abuse will be made only upon a showing of clear and convincing evidence. *Commonwealth ex rel. Caswell v. Caswell,* 280 Pa.Super. 359, 421 A.2d 762 (1980).

> An abuse of discretion does not necessarily imply a willful abuse, but if, in reaching a conclusion, the law is overridden or misapplied or the judgment exercised is manifestly unreasonable as shown by the evidence or the record, discretion is then abused and it is the duty of the appellate court to correct the error. *Prescott v. Prescott,* 284 Pa.Super. 430, 435, 426 A.2d 123, 126 (1981).

*Commonwealth ex rel. Kistler v. Kistler,* 291 Pa.Super. 51, 435 A.2d 214 (1981), *clarified Commonwealth ex rel. Kistler v. Kistler,* 303 Pa.Super. 45, 449 A.2d 69 (1982) (emphasis omitted).

 The lower court must consider all pertinent facts and base its decision upon facts appearing in the record which indicate that the movant did or did not meet the burden of proof as to changed circumstances. *Commonwealth ex rel. Scanlon v. Scanlon,* 311 Pa.Super. 32, 457 A.2d 98 (1983). The petitioner has the burden of proving by competent evidence that a material and substantial change of circumstances has occurred since the entry of the original support order. *Commonwealth ex rel. Vona v. Stickley, supra.* A petition to modify an order of support is not a substitute for an appeal and cannot bring up for review matters adjudicated in making the prior order. *Dunbar v. Dunbar,* 291 Pa.Super. 224, 435 A.2d 879 (1981). Thus, although a court may disregard a support agreement between the parties, "when the agreement adequately provides for the needs of the children and spouse and has been recently entered into under court approval, unless a change of circumstances can be shown, there is no justification for ignoring the agreement." 311 Pa.Super. at 40, 457 A.2d at 102.

 In the instant case, Mr. Koller did not sustain his burden of proof to show a material change in circumstances

underlying the order. His only argument, that Mrs. Koller was working a greater number of hours, was contradicted by the hearing master's report that Mrs. Koller was earning $3.00 less per week. The court below did not discuss any evidence which would show the required change in circumstances.

The court below based its decision on what it perceived to be an unreasonable support order. Lower court opinion at 2. Nevertheless, it is an error of law to conclude that a settlement agreement for a wife and children in excess of one-third of the supporting spouse's earning capacity is *per se* illegal. We have long recognized that the one-third rule does not apply when children are contemplated by the support agreement. *Commonwealth ex rel. Lutz v. Lutz*, 298 Pa.Super. 473, 444 A.2d 1281 (1982); *Gitman v. Gitman*, 428 Pa. 387, 237 A.2d 181 (1967). Further, absent a change of circumstances, this matter is not appropriately resolved by a petition for modification, but is properly subject to review through appeal. *Commonwealth ex rel. Scanlon v. Scanlon, supra.*

The Order is reversed and the Order of April 15, 1982, is reinstated.

POPOVICH, J., concurs in the result.