512 A.2d 20

**Carole PARKINSON, Appellant,**

v.

**William PARKINSON.**

Superior Court of Pennsylvania.

Argued April 10, 1986.

Filed July 7, 1986.

James R. Fiorentino, Bethlehem, for appellant.

Jackson M. Sigmon, Bethlehem, for appellee.

Before BECK, POPOVICH and HOFFMAN, JJ.

POPOVICH, Judge:

This is an appeal from an order of the Court of Common Pleas confirming a prior award of spousal support. We reverse and remand.

In 1984, appellant, Carole Parkinson, filed a complaint in divorce against appellee, William Parkinson, and also commenced the instant support proceedings. The parties have two emancipated children, and appellant sought only support for herself. Following a conference before a hearing officer, appellee was ordered to pay $2529 per month. Appellant requested a *de novo* hearing which was held. The trial court accepted the recommendations of the hearing officer and the order of support was confirmed at $2529 per month.

The sole issue raised by appellant is whether the trial court abused its discretion in its determination of appellee's income for purposes of support.

The facts reveal appellee is a self-employed orthodontist whose 1984 weekly gross income was $3,374.81. Appellant is unemployed and attending college with a weekly gross income of $160. Appellant contends it was error to credit appellee with $1379.40 per week in federal withholding tax, because the actual federal tax paid is far less than this amount. We agree.

For the year in question, 1984, appellee paid a total of $1593.00 in federal income tax. The trial court acknowledged appellee withheld more federal tax than he was required to pay but, nevertheless, credited him with a tax due based upon his income. The trial court stated appellee's "investments *may* shelter income in 1985 as they did in 1984." However, the probability of such 1985 tax benefits was not established sufficiently for the court to disallow at the time of the hearing [appellee's] legitimate federal withholding. (Opinion of the Trial Court, 11/8/85, p. 3).

This court has recently held it was error for a trial court to ignore a tax refund in calculating a parent's income for purposes of determining child support. We said "[w]e could not permit an individual to overpay his taxes all year, and then exclude the amount of his overpayment from calculation of that individual's income. To do so works an injustice, especially here, where appellee testified that he has a history of refunds." *Curtis v. Curtis*, 326 Pa.Super. 40, 47, 473 A.2d 597, 601 (1984).

We have also held it to be error for a trial court to permit one to deduct from income for support purposes the amount of depreciation expense allowable under federal income tax laws. *Commonwealth ex rel. Hagerty v. Eyster*, 286 Pa. Super. 562, 529 A.2d 665 (1981). It is settled that a court should consider the full nature and extent of property interests and financial resources, including stock holdings and other investments. *Commonwealth ex rel. ReDavid v. ReDavid*, 251 Pa.Super. 103, 300 A.2d 398 (1977).

The record before us indicates appellee's federal income tax for 1984 was $1593; for 1983 he paid $3006 in federal taxes; in 1982, appellee paid $23,783; in 1981, he paid $3890; and, in 1980, $10,856. Given this evidence, it was not proper to credit appellee with a *weekly* federal tax deduction of $1379.40.

An abuse of discretion occurs when a lower court misapplies existing law, makes a manifestly unreasonable judgment or rules with partiality, prejudice, or ill-will. *Commonwealth ex rel. Buchakjian v. Buchakjian*, 301 Pa.Super. 213, 447 A.2d 617 (1983). Appellee argues that we should affirm the award because its amount is adequate for appellant's support. We recognize the size of the existing order but find that since the trial court did not properly consider all the facts in setting this award, we must remand. It will be the finder of fact's determination as to the ultimate amount of support.

Therefore, we reverse the order of the trial court and remand for proceedings consistent with this opinion.

Jurisdiction relinquished.