563 A.2d 913

**Helen Roberta ADAMS, Appellee,**

v.

**Gerald F. ADAMS, Appellant.**

Superior Court of Pennsylvania.

Submitted April 25, 1989.

Filed Aug. 15, 1989.

John H. Wollman, West Chester, for appellant.

Thomas R. Wilson, West Chester, for appellee.

Before McEWEN, OLSZEWSKI and MELINSON, JJ.

OLSZEWSKI, Judge:

This is an appeal from an order of the trial court resolving exceptions to a master's report. Appellant, Gerald F. Adams, contends that the trial court abused its discretion in: (1) failing to make the elimination of appellant's obligation to contribute a fixed amount per month to the mortgage payment on the marital residence retroactive to the sale of the residence in 1985; (2) reversing the hearing officer's special finding that appellee, Helen R. Adams, is employable despite her hearing handicap; and (3) refusing to consider appellant's increased federal tax liability in calculating his net income. For reasons delineated below, we affirm in part and reverse and remand in part.

Appellant and appellee were married on June 24, 1967, and separated on September 4, 1982. The parties parented two children, born in 1974 and 1977, during the marriage. At the time of separation, appellant was employed as an engineer at Hewlett Packard. Appellee had not been employed since the birth of the parties' first child.

Appellee filed a complaint for support on September 21, 1983. On October 27, 1983, the trial court entered a temporary support order pursuant to stipulation. A hearing officer, Katherine Platt, convened two hearings and subsequently recommended $1500.00 per month for support of appellee and the two children. Exceptions were filed and the trial court, by opinion dated June 25, 1984, noted that wife was not capable of contributing to her own support

and remanded for further proceedings to determine the amount of the principal portion of the mortgage payment in accordance with *Kinden v. Kinden,* 32 Ches. 106 (1984), which requires both parties, regardless of where each is residing, to contribute equally to the principal amount of the monthly mortgage payment on the theory that the equity in the marital residence is a joint asset. On September 19, 1984, after a hearing on the mortgage obligation, Ms. Platt increased appellant's support obligation to $1700.00 per month and imposed an additional obligation of $53.64 to be used by appellee for her *Kinden* payments. Exceptions were filed by both parties and the trial court, upon finding that the hearing officer erred in imposing a general support obligation of $1700.00 per month, again remanded the matter to the hearing officer. Ms. Platt on June 5, 1985, entered a supplemental finding and recommendation based upon the remand order and on her review of the existing record. No exceptions to that recommendation were filed and the trial court entered an order on June 24, 1985, directing appellant to make monthly payments of $753.00 for support of spouse and share of mortgage and $1,000.00 for support of two children.

On August 13, 1985, appellant filed an amended petition to reduce the support order, citing three material changes of circumstances: (1) appellee had become capable of contributing to her support as a result of education; (2) the marital residence had been sold;[1] and (3) appellant's income had decreased. On April 29, 1986, a hearing officer convened a hearing regarding appellant's petition and appellee's petition for medical coverage. On May 19, 1986, the hearing officer filed a recommendation to dismiss appellee's petition and a recommendation to modify the trial court's order of June 24, 1985. The parties filed exceptions and, on August 18, 1986, the trial court entered an order directing

---

1. The record reflects that although settlement on the marital residence was not scheduled until May 31, 1985, appellee failed to make *Kinden* payments after March, 1985. To prevent foreclosure, appellant made two *Kinden* payments on appellee's behalf in April and May, 1985, in addition to one mortgage payment on April 18, 1985.

that a hearing be held to supplement the record with regard to: (1) appellant's current living expenses; (2) the sale of appellant's condominium and its proceeds; and (3) repayment of condominium debts. The court further ordered the hearing officer to redetermine her previous recommendation.

Following hearings on April 29, 1986 and October 14, 1986, the hearing officer filed a recommendation to amend the trial court's order of June 24, 1985, to provide for $1570.00 per month total support effective May 19, 1986. In this order dated January 20, 1987, the hearing officer further recommended that appellant receive a credit for mortgage payments, the *Kinden* payments made by appellant on appellee's behalf in April and May 1985, and $636.00 in mortgage credits, representing the *Kinden* payments for the year since the sale of the house. Both parties filed exceptions to the recommendations. The trial court, upon finding that the hearing officer's recommendation lacked factual support, issued a directive to the hearing officer to "enlighten us with a memorandum as to how he reached his findings, special findings, conclusions and recommendations." Opinion at 8.

On November 24, 1987, the Hearing Officer filed a memorandum in accordance with our directive which provided an explanation for his findings and recommendations. The Hearing Officer explained in his memorandum that he attributed to Wife an earning capacity of $100.00 per week based on a minimum wage calculation. The Hearing Officer stated that this was based on Wife's testimony that she had the physical ability to attend college on a part-time basis as well as take care of the children. Husband's income figures were based on his 1985 after-tax income of 3,400.00 per month plus 175.00 per month for profit sharing. The Hearing Officer explained that he used 1985 income figures because the available figures for 1986 were confused by Husband's high deductions for federal income tax. However, the Hearing Officer's November 24, 1987 memorandum did not comply completely

with our November 16, 1987 directive. Therefore on February 11, 1988, we directed the Hearing Officer to file a "Supplemental Memorandum". On February 29, the Hearing Officer filed a supplemental memorandum which finally permits us to decide all of the exceptions.

Opinion at 8–9.

The trial court concluded that: (1) appellant had failed to meet his burden of proof with regard to earning capacity attributable to appellee; and (2) because appellant created the confusion regarding his 1986 income figures, the hearing officer correctly based his findings on appellant's 1985 income figures. Therefore, the trial court dismissed appellant's exceptions in this regard and found it unnecessary to rule on exceptions concerning retroactivity. In sum, the trial court: (1) ordered husband to pay a monthly support obligation of $1700.00 pursuant to the order of June 24, 1985; and (2) credited appellant with $286.39 for a mortgage payment made on April 18, 1985, two *Kinden* payments made by husband in April and May, 1985, and $636.00 for payment of twenty-eight months of life insurance premiums.

On April 13, 1988, appellant filed a petition for reconsideration and a notice of appeal. The petition was denied on April 21, 1988. On December 7, 1988, the trial court filed a statement explaining that it intended the March 18, 1988 order to provide for the elimination of *Kinden* payments from March 31, 1985. This appeal followed.

Appellant first contends that the trial court abused its discretion in failing to make the elimination of the *Kinden* payment retroactive to the sale of the marital residence. When reviewing an appeal from an order of support, our scope of review is narrow. An order of the trial court will not be reversed unless the evidence was insufficient to sustain the order or there has been an abuse of discretion. *Commonwealth v. Vogelsong*, 311 Pa.Super. 507, 510, 457 A.2d 1297, 1299 (1983), *citing Shank v. Shank*, 298 Pa.Super. 459, 462, 444 A.2d 1274, 1276 (1982); *Commonwealth ex rel. Kunkin v. Bruck*, 297 Pa.Super.

410, 415, 443 A.2d 1187, 1190 (1982); *Turner v. Matthews,* 297 Pa.Super. 10, 11–12, 442 A.2d 1187, 1188 (1982); *Commonwealth ex rel. Stone v. Stone,* 293 Pa.Super. 427, 429, 439 A.2d 185, 186–187 (1981); *Dunbar v. Dunbar,* 291 Pa.Super. 224, 228, 435 A.2d 879, 881 (1981); *Berry v. Berry,* 278 Pa.Super. 30, 33, 419 A.2d 1340, 1341 (1980). Absent a clear abuse of discretion, we will defer to the order of the trial court. *Koller v. Koller,* 333 Pa.Super. 54, 58, 481 A.2d 1218, 1220 (1984). "A finding of abuse will be made only upon a showing of clear and convincing evidence." *Koller, supra, citing Commonwealth ex rel. Caswell v. Caswell,* 280 Pa.Super. 359, 421 A.2d 762 (1980).

■ The record reflects that the June 24, 1985 support order included a payment of $53.64 per month pursuant to *Kinden v. Kinden,* 32 Ches. 106 (1984), which, as discussed *supra*, requires the party who is not living in the marital residence to contribute half of the principal amount of the monthly mortgage payment on the theory that the equity is a marital asset. The record further reflects, however, that at the time of the order, the marital residence had been sold and there was no mortgage in effect. Nonetheless, appellant continued to make the $53.64 monthly payment designated for appellee's *Kinden* obligation until the March 18, 1988 order acknowledging that payment was no longer necessary. In this order, while the court properly provided for the elimination of the *Kinden* payment, the court did not credit appellant with *Kinden* payments since the sale of the house. We find this to be an abuse of discretion. Therefore, we reverse that aspect of the order and remand for the trial court to amend the order to provide for *Kinden* payment credits retroactive to May 31, 1985.[2]

■ Next, appellant asserts that the trial court abused its discretion in reversing the hearing officer's finding that appellee was employable. Preliminarily, we note that a support order is not final and may be increased or de-

2. In so doing, we leave undisturbed the aspect of the trial court's order crediting appellant with the two *Kinden* payments made on appellee's behalf, and the mortgage payment made on April 18, 1985.

creased where the circumstances of the parties change. *Vogelsong, supra, citing Costello v. LeNoir,* 462 Pa. 36, 42 n. 8, 337 A.2d 866, 869 n. 8 (1975); *Dunbar, supra; Commonwealth ex rel. Jeske v. Jeske,* 283 Pa.Super. 209, 211, 423 A.2d 1063–1064 (1981); *Commonwealth ex rel. Kaplan v. Kaplan,* 219 Pa.Super. 163, 165, 280 A.2d 456, 457 (1971).

> In proceedings to modify a support order, it is the petitioner who has the burden of proving that there has been a material change in circumstances sufficient to warrant modification of the existing order. *Shank* [, *supra* ]; *Stone* [, *supra,* [293 Pa.Super at 429, 439 A.2d at 186]; *Commonwealth ex rel. Kistler v. Kistler,* 291 Pa.Super. 51, 55, 435 A.2d 214, 216 (1981); *Berry* [, *supra* ]; *Dugery v. Dugery,* 276 Pa.Super. 51, 54, 419 A.2d 90, 91 (1980).

*Vogelsong, supra.*[3]

██ Regarding determinations of earning capacity, we do not define a wife's earning capacity as an amount which she could theoretically earn. *Commonwealth ex rel. Simpson v. Simpson,* 287 Pa.Super. 356, 360, 430 A.2d 323, 326 (1981), *quoting Commonwealth ex rel. Malizia v. Malizia,* 229 Pa.Super. 108, 111, 324 A.2d 386, 388 (1974). "Rather, we consider it to be that 'amount which [the person] could *realistically* earn under the circumstances, considering his [or her] health, age, mental and physical condition and training.'" *Id.* (emphasis added). In addition, a court should consider the amount of time that a wife during her marriage has been out of work. *Simpson, supra, quoting White v. White,* 226 Pa.Super. 499, 505 n. 5, 313 A.2d 776, 780 n. 5 (1973).

In reaching his conclusion that appellant failed to prove earning capacity attributable to appellee, the trial court opined:

**3.** We note that, based upon the foregoing, appellant incorrectly asserts that "[s]ince Mrs. Adams asserted her hearing handicap as an affirmative defense to Mr. Adams' petition to reduce, the burden of proving that her handicap precluded employment should have been placed on her." Appellant's brief at 26–27.

At the hearing, the parties presented conflicting expert depositions as to the severity of [appellee's hearing] loss. The Wife introduced into evidence the deposition of her physician, Joseph Sataloff, M.D., who testified that the hearing loss is severe and will become progressively worse, limiting the Wife in the types of jobs which she could perform.

The Husband introduced the deposition of an audiologist, Daniel M. Schwartz, Ph.D., who testified that his opinion was not based on an actual examination of the Wife, but on the deposition of Dr. Sataloff and on several test results conducted by Dr. Sataloff. Dr. Schwartz states that the Wife's hearing has never been fully tested; he recommended a complete audiologic assessment to determine the extent of the loss. Although he stated several times that the Wife's condition is "undefined", Dr. Schwartz proceeded to testify that her hearing could improve with amplification. Dr. Schwartz disputed Dr. Sataloff's assessment concerning Wife's ability to function and he testified as to several specific jobs which he believed the Wife could perform. The testimony of Dr. Schwartz has cast serious doubt on the completeness of Dr. Sataloff's testing and diagnosis. However, because further testing is necessary in order to fully determine Wife's condition, Dr. Schwartz is precluded *by his own testimony* from giving an opinion (on Wife's condition and capabilities) which is more than mere conjecture. At the hearing, Husband also presented the testimony of Ms. Janice Luber, who testified as a "rehabilitative specialist and job developer." In her testimony ..., she stated that she considered Dr. Schwartz to be the definitive medical expert in this case.... Ms. Luber admitted that she was not fully aware of all of the Wife's hearing deficiencies. Therefore, she could not have taken all of them into consideration and could not have mentioned them to the potential employers she contacted. Lastly, we note that Ms. Luber never interviewed Wife at any time concerning her ability or inability to perform certain jobs for potential employers. Thus, based on the fore-

going discussion, we conclude that little weight should be given to her testimony concerning the jobs for which she believed the Wife was qualified.

It is clear that Wife's earning capacity is closely associated with her hearing loss. However, the Husband has the burden of proof. In the absence of complete testing, the Husband has failed to meet his burden of proof. Before any earning capacity may be attributed to the Wife, further testing must be done so that the full extent of Wife's hearing loss may be determined. We note that no exceptions were taken to Hearing Officer Platt's findings of June 5, 1985, and since Husband did not meet his burden of proof with regard to Wife's present income, it is necessary for us to revert to Hearing Officer Platt's finding in 1985 of no income for Wife.

Opinion at 10–12 (citations omitted).

■ Based upon the foregoing and upon our scrutiny of the record, we find that appellant has failed to show a material change in circumstances regarding appellee's employability that warranted modification of the original support order. *Koller, supra* 333 Pa.Super. at 58, 481 A.2d at 1220 ("The petitioner has the burden of proving by competent evidence that a material and substantial change of circumstances has occurred since the entry of the original support order."). Accordingly, we find no abuse on the part of the trial court in this regard.

Finally, appellant maintains that the trial court abused its discretion in refusing to consider appellant's federal tax liability in calculating his net income. Specifically, appellant claims that "there was a material change in Mr. Adams' tax obligation as a result of losing a substantial deduction, and it was an abuse of discretion to refuse to consider it in calculating his net income." Appellant's brief at 43. The record of the pertinent master's hearing reflects that on April 30, 1986, appellant sold a condominium in order to repay a sum of money to his mother. Transcript at 20. At the hearing, appellant testified that because he no longer had the tax benefit of the interest payment on the

condominium, more income was being withheld for federal income tax purposes. Transcript at 20. The master, however, based his finding of husband's net income on 1985 income figures rather than 1986 figures "because the available figures for 1986 were confused by Mr. Adams' high deductions for federal income taxes and an alleged tax obligation created by the sale of his condo[minium]." Memorandum of hearing officer at 1–2. In dismissing appellant's exception to the master's finding that appellant's net income had increased instead of decreased, the trial court relied upon *Parkinson v. Parkinson,* 354 Pa.Super. 419, 512 A.2d 20 (1986). In so doing, the trial judge opined:

> Our Superior Court in *Parkinson* ... ruled that it was an abuse of discretion for a trial court to credit a husband with $1379.40 per week in federal withholding tax for purposes of determining husband's income, where the actual federal tax paid in previous years was far less. Further, we note that the confusion caused by the high deductions was due to the Husband, since he controlled the amount to be deducted from his 1986 income for tax purposes. We cannot permit the Husband to benefit from the confusion which he himself created.

Opinion at 13.

Our reading of *Parkinson* indicates that an individual may not deduct, when calculating income for support purposes, an amount in federal withholding tax that is in excess of the actual federal tax paid. In *Parkinson,* the husband withheld more federal tax than he was required to pay but the trial court deducted for support purposes the full amount withheld. Specifically, while the husband paid a total for the year of $1593.00 in federal income tax, the trial court credited him with $1379.40 weekly in federal withholding tax. A panel of this Court justifiably found that calculation to be in error. The situation in the instant case, however, is not analogous. If appellant's actual income tax obligation was increased as a result of the sale of the condominium, that fact should be considered in determining his net income for support purposes. *See Parkin-*

*son, supra.* Finding that the trial court has misapplied *Parkinson,* we must reverse this aspect of the order and remand for determination as to whether appellant's actual income tax obligation necessitates a reduction in his net income for support purposes.

In conclusion, we: (1) affirm the trial court's finding that appellee was not employable; (2) reverse the trial court's determination that appellant is not entitled to *Kinden* payments made after the sale of the marital residence and remand for the order to be so modified; and (3) reverse that aspect of the order calculating appellant's net income for support purposes without regard to his actual income tax obligation and remand for such calculation.

Order affirmed in part and reversed in part, and case remanded for proceedings consistent with this opinion. Jurisdiction relinquished.

McEWEN, J., concurs in the result.