# Hasson v. Hasson

*John J. DeCaro*, for plaintiff
*Barbara Seman Ochs*, for defendant

HODGE, *J.*, August 8, 2013—Before the court for disposition are competing demands for a de novo support hearing filed on behalf of the plaintiff, Carol A. Hasson (hereinafter, "wife"), and the defendant, Mark A. Hasson (hereinafter, "husband").[1] A brief summation of the relevant factual and procedural background of this case is as follows:

Husband and wife were married on June 4, 1988. During the course of their marriage, the parties established an insurance business through State Farm Insurance. Husband and wife initially worked together in the business. Husband and wife mutually agreed that wife would quit employment following the birth of their oldest child, Jenna. In 2004, the parties' youngest child, Mia, was born. For the duration of their marriage, husband continued to run his insurance company, and wife worked as a homemaker. On June 6, 2012 the parties separated when husband left the marital residence. Wife continued to reside at the marital residence with Mia and Jenna.[2]

Husband initially continued to pay for all of the

---

1. Wife also filed a petition for emergency relief at the civil action, wherein Wife is designated as the defendant and husband is designated as the plaintiff. Husband also filed a petition to list home for sale at the civil action. The court reached a determination on those petitions in a separate order of court.

2. Jenna is currently 21 years old and currently attends Westminster College on a full time basis. During the academic year, Jenna lives in an off campus apartment in New Wilmington.

parties' monthly expenses. Husband paid $3,100 each month for the mortgage on the marital residence, in addition to providing wife with $3,000.00 to $4,000.00 per month for her other expenses. In April 2013, husband asked wife to list the marital residence for sale, but wife refused. Wife subsequently filed for child and spousal support. Following a conference on May 21, 2013, this court entered a support order requiring husband to pay wife $719.23 a month in child support and $1,536.64 a month in spousal support for a total support obligation of $2,255.87, plus $100.00 towards arrears. Wife's support award included a $1,151.66 deviation for the mortgage on the marital residence. Both parties filed a timely demand for a de novo hearing.

Wife subsequently filed a petition for emergency relief, wherein wife requested this court order husband to pay the mortgage on the marital residence. Husband also filed a petition to list home for sale. Hearings were held on July 12, 2013 and July 17, 2013, after which this court entered an order granting wife's petition for emergency relief and directing husband to bring the mortgage on the marital residence up to date. Husband was further directed to make all subsequent payments on the marital residence pending a final economic resolution of this case. Moreover, this court granted husband's petition to list home for sale.

This matter is now before the court for a determination regarding wife's monthly earning capacity and husband's monthly income. The court will address each of these issues in turn.

I. Wife's Monthly Earning Capacity

The first issue pending before the court is wife's earning capacity. Wife is 47 years old, and she has a high school education. Prior to 1996, wife worked full time for husband's insurance business. Wife was licensed to sell various forms of insurance, and she contributed significantly to husband's business. Since 1996, wife has served as a homemaker and primary caregiver for the parties' children. Wife contests her current ability to work full time because she has arthritis and suffers from chronic fatigue. Wife presents no medical evidence to support her assertions. Husband argues that wife is capable of finding employment and should be assessed a full-time minimum wage earning capacity.

A person's earning capacity is defined "not as an amount which the person could theoretically earn, but as that amount which the person could realistically earn under the circumstances, considering his or her age, health, mental and physical condition and training." *Myers v. Myers*, 592 A.2d 339, 342 (Pa. Super. 1991). In addition, a court should consider the amount of time that a wife has been out of work during the parties' marriage. *Adams v. Adams*, 563 A.2d 913 (Pa. Super. 1989). In the present case, Wife has been out of work for a significant period of time while she served as a homemaker and primary caregiver. However, wife does have training in insurance sales. Her insurance licenses were not maintained in the past seventeen years, but wife would be able to update her licenses with some effort. Wife asserts that she is unable to work because of her arthritis and chronic fatigue, but the court finds wife's testimony to be unreliable in this regard given the fact that wife testified to hosting elaborate

house parties, birthday parties and holiday events for large groups of people. Additionally, wife cannot contend that the majority of her day is consumed with watching the parties' youngest daughter, Mia, because Mia is of school age. The court concludes that given wife's relatively young age, education, insurance training/experience, it is appropriate to assess wife with a full-time minimum wage earning capacity.

## II. Husband's Net Monthly Income

The court has thoroughly reviewed the husband's 2012 federal income tax returns after considering Husband's testimony with respect to his monthly income and expenses. The court concludes that husband's tax returns are unreliable and inaccurate. Although husband's tax returns indicated that they were prepared by a professional accountant, they evidence double expenditures that cause the court concern. Examples of readily double expenditures can be found on Form 1120. Line 9 of the summary page lists repairs and maintenance expenses of $36,921.00; on the "Other Deductions" page, husband listed repairs again for $15,440.00. The combined total of repairs and maintenance equals $52,361.00 in reported deductions.

Further expenses are as follows: On line 10 of the summary page, husband lists rents in the amount of $10,212.00, and on the "Other Deductions" page, husband denotes lease expenses in the amount of $49,231.00, for a total of combined expenses of $59,443.00. On the summary page, line 8 lists wages of $38,492.00; on the "Other Deductions" page, office expenses are $68,441.00, which does not include separate itemizations

on the "Other Deductions" page for repairs, maintenance, postal expenses, supplies, utilities and water. The "Other Deductions" page that corresponds to Form 1120 contains a list of miscellaneous expenditures of $13,663.00. Additionally, husband acknowledged that the deduction for the purported auto deduction in the amount of $10,815.00 was approximately 80% business related, which would correlate to a figure of $8,652.00, as opposed to $10,815.00 as listed on the return.

The court's analysis of the above expenditures, plus the purported business development expense of $48,337.00, leads the court to conclude that husband's 2012 federal income tax return, and the professed expenses contained therein, are not credible. It is apparent to the court, as suggested by wife's counsel, that husband was using his business account as his personal checking account. Husband hid multiple personal expenditures in the various deductible line items as business expenses.

In an effort to establish husband's actual monthly income, the court considered all of the monthly expenditures paid by husband in the recent months up to the date of the de novo hearing. It is the court's determination that husband paid expenses on an average monthly basis of $9,434.00. As a result, the court will assign the husband with a net monthly earning capacity of $9,434.00.

The court will enter the following order consistent with the findings set forth in this opinion.

## ORDER OF COURT

And now, this 8th day of August, 2013, with these

matters being before the court for a de novo support hearing; a [petition] for emergency relief; and a petition to list home for sale, with Carol A. Hasson appearing and being represented by Barbra Seman Ochs, Esquire, and Mark A. Hasson appearing and being represented by John J. DeCaro, Jr., Esquire, and in consideration of the testimony and evidence presented, consistent with the attached opinion, the court hereby orders and decrees as follows:

1. Based on the testimony and evidence presented, and consistent with the attached opinion, plaintiff/wife is assessed a full-time minimum wage earning capacity, and therefore establishes net monthly earnings for plaintiff/wife in the amount of $1,111.43 per month.

2. Based on the testimony and evidence presented, and consistent with the attached opinion, defendant/husband is assessed a net monthly income in the amount of $9,434.00.

3. Based upon the court's prior determination requiring defendant/husband to pay the parties' mortgage, the court declines to implement any deviation for this expense. defendant/husband shall continue to pay the mortgage in accordance with this court's June 30, 2013 order and receive credit for those payments against the final equitable distribution award.

4. Upon application of the Pennsylvania Support Guidelines set forth in the Rules of Civil Procedure, the court summarizes the defendant's obligation to the plaintiff as follows:

a. Spousal support $2,112.72 per month

b. Child support $1,280.17 per month

TOTAL OBLIGATION: $3,392.89 per month

5. Based upon the opinion of the court and the findings of fact set forth therein, it is hereby ordered, adjudged and decreed that the defendant shall pay to the Pennsylvania State Collection and Disbursement Unit, the sum of $3,392.89 per month, as delineated in the prior paragraph of this order, with the first payment due immediately and monthly thereafter until an income attachment is implemented.

6. The effective date of this order of court is April 26, 2013.

7. The Domestic Relations Section of Lawrence County is to set the amount of arrearages and the arrearages will be payable in the sum of $250.00 per month in addition to the support obligation of $3,392.89 per month for a total monthly payment of $3,642.89.

8. Any un-reimbursed medical expenses that exceed $250.00 annually per child and/or spouse are to be paid as follows:

a) 10.54% by the plaintiff;

b) 89.46% by the defendant.

9. All other provisions of the prior order of court dated May 30, 2013, not inconsistent with this order of court, are incorporated herein as though fully set forth and shall continue in full force and effect as a final order of court except as modified and supplemented by these findings

74

and this order.

10. The Domestic Relations Section is directed to serve a copy of this order of court upon counsel of record, and if a party is not represented by counsel, then upon that party at their last known address as contained in the court's file.