664 A.2d 129

Cindy STRAWN

v.

Jeffrey STRAWN, Appellant.

Superior Court of Pennsylvania.

Argued May 25, 1995.

Filed Aug. 18, 1995.

Charles E. Kurowski, Canonsburg, for appellant.

Thomas O. Vreeland, Washington, for appellee.

Before WIEAND, DEL SOLE and CERCONE, JJ.

CERCONE, Judge:

This is a consolidated appeal from orders requiring appellant (husband) to pay spousal support and denying appellant's petition for rehearing of the award of support. We vacate both orders and remand for further proceedings.

Appellee (wife) filed a complaint in support on January 29, 1992, and an amended complaint on July 21, 1994. A support master conducted a hearing on August 17, 1994. On September 12, 1994, the master filed his report recommending that appellant pay spousal support in the amount of $1,220.00 per month. Appellant filed exceptions to the master's report on September 21, 1994. He also filed a petition for rehearing on October 17, 1994 which the lower court denied on the same date. On that date, the lower court also dismissed appellant's exceptions (after having heard argument on them) and entered a final order of support in the amount of $1,220.00 per month. Appellant filed timely appeals of the lower court's October 17, 1994 orders, in which he raises the following issues:

1. Whether appellee (wife) should be assessed an earning capacity regardless of her misrepresentation in obtaining a "0" earning capacity order?

2. Whether the court may deny a petitioner a hearing on the merits of his petition requesting a new hearing based on appellee's misrepresentations to the court?

Our standard of review of an order of spousal support is as follows:

We may reverse a support order only where the order cannot be sustained on any valid ground. Absent an abuse of discretion or insufficient evidence to sustain the support order, this court will not interfere with the broad discretion afforded the trial court ... Where there is insufficient evidence to support the trial court's order, the judgment is manifestly unreasonable and must be reversed.

*McKolanis v. McKolanis,* 435 Pa.Super. 103, 644 A.2d 1256 (1994).

Appellant contends that appellee misrepresented her work experience at the hearing before the master. He asserts that

appellee had some prior work experience despite her testimony that she had worked primarily in the home during the marriage. Further, appellant contends that the lower court should have imputed an earning capacity to appellee regardless of her representation at the hearing. Appellant asserts that appellee is able-bodied and has no children and should have been assigned at least a minimum earning capacity.

We will first address appellant's contention that appellee misrepresented her prior work experience at the hearing before the master. At the hearing before the master, counsel for appellee questioned appellee as follows:

Q. Are you currently employed?

A. No.

Q. How long have you been married?

A. Sixteen years and a few months.

Q. And throughout the marriage were you primarily just employed at home?

A. Correct.

Q. Now, you have prepared a budget information sheet and we have given one to the Support Hearing Officer. I note that there's no income listed. You have no income?

A. Correct.

N.T., August 17, 1994, at 3–4.

Appellant contends that appellee misrepresented herself on the basis of her affirmative answer to the question "throughout the marriage were you primarily just employed at home?" Appellant asserts that appellee was employed prior to filing her petition for spousal support but that she had quit her job. Appellant admits that he did not introduce this evidence at the hearing.

It is obvious that even if appellant's contention that appellee worked prior to filing the instant petition for support, such a fact would not make incorrect her response that she was primarily employed at home throughout the marriage. Although this issue was not explored at the hearing, it is certainly possible that appellee was truthful in her statement

even if she had been employed immediately prior to filing the support petition.

We turn now to appellant's contention that the court should have computed an earning capacity to appellee regardless of her representations as to her prior employment. An award of support must be fair, non-confiscatory, and attendant to the circumstances of the parties. *Myers v. Myers*, 405 Pa.Super. 290, 592 A.2d 339 (1991). The function of the court in a proceeding for spousal support "is not to punish a husband . . . but to fix an amount which is 'reasonable and proper for the comfortable support and maintenance of . . . [his] wife.'" *Id.* at 296, 592 A.2d at 342 (quoting *Commonwealth ex rel. Gitman v. Gitman*, 428 Pa. 387, 395, 237 A.2d 181, 186 (1967)). Spousal (and child) support are to be awarded pursuant to a statewide guideline as established by general rule by the Pennsylvania Supreme Court. 23 Pa.C.S.A. § 4322(a). *See* Pa.R.C.P., Rule 1910.16–1, 42 Pa.C.S.A. (Amount of Support. Support Guidelines). The support "guideline" is to be "based upon the reasonable needs of the child or spouse seeking support and the ability of the obligor to provide support." 23 Pa.C.S.A. § 4322(a). "In determining the reasonable needs of the child or spouse seeking support and the ability of the obligor to provide support, *the guideline shall place primary emphasis on the net incomes and earning capacities of the parties,* with allowable deviations for unusual needs, extraordinary expenses and other factors, such as the parties' assets, as warrant special attention." *Id.* (emphasis added). A person's earning capacity is defined "not as an amount which the person could theoretically earn, but as that amount which the person could realistically earn under the circumstances, considering his or her age, health, mental and physical condition and training." *Myers v. Myers, supra*, 405 Pa.Super. at 297, 592 A.2d 339, 342 (1991). In addition, a court should consider the amount of time that a wife has been out of work during her marriage. *Adams v. Adams*, 387 Pa.Super. 1, 563 A.2d 913 (1989).

In the instant case, the master determined that "Plaintiff [appellee] is unemployed and has not worked during the entire

course of the 16 years of marriage." On this basis, the master concluded that he would assess no earning capacity against her. Absent from the master's discussion was any consideration of appellee's age, her health, her mental and physical condition, or any training she might have received. The master focused exclusively on one factor, *i.e.,* the amount of time that appellee had been out of the work force. While it is possible that sixteen years out of the work force could result in an earning capacity of zero, that conclusion can be reached only if the other relevant factors are considered.

The lower court determined that appellant waived this issue because he failed to question appellee about her earning capacity at the master's hearing. We disagree. Here, appellee filed a complaint seeking spousal support. Thus, it was her burden to prove and the lower court's duty to assess her entitlement to it. Appellant was not represented by counsel at the master's hearing, and *pro se* status generally confers no special benefit upon a litigant. *Triffin v. Janssen,* 426 Pa.Super. 57, 626 A.2d 571 (1993), *appeal denied,* 536 Pa. 646, 639 A.2d 32 (1993). In this case, however, in the absence of questioning by appellant, who was the defendant in the support action, the master should have questioned appellee, the party seeking support, as to factors relating to her earning capacity. By statute, the court must consider the parties' earning capacities in a support action. 23 Pa.C.S.A. § 4322(a), *supra.* For the court to make a support award without some inquiry into the factors related to a party's earning capacity would be to ignore the requirements of section 4322(a). Since appellant failed to develop the factors related to appellee's earning capacity, it was the duty of the lower court to inquire into them in order to make a fair and non-confiscatory award.[1]

---

1. We are not suggesting that the court act as counsel for defendants in support actions. However, it was an abuse of discretion for the lower court in this case to make an award of support in the absence of evidence related to appellee's earning capacity. The parties in domestic relations actions are frequently unable to afford counsel and, unlike defendants in criminal actions, defendants in domestic relations actions are not entitled to have counsel appointed for them. It was inappropriate in this case for the lower court to rely on the waiver doctrine to avoid a proper assessment of appellee's earning capacity.

As we have previously indicated, where there is insufficient evidence to support the trial court's order, the judgment is manifestly unreasonable. *McKolanis v. McKolanis, supra.* Here, the evidence is not sufficient to support the trial court's conclusion that appellee has no earning capacity in the absence of the court's consideration of all of the factors relevant to that determination. Since the lower court's decision is based on insufficient evidence, we must vacate it and remand it to the lower court for reconsideration.

Because of our decision on this issue, appellant's appeal of the order denying his petition for rehearing is moot, and it is not necessary for us to consider appellant's second issue on appeal.

Both orders of October 17, 1994 are vacated; case is remanded to lower court for further proceedings in accordance with this opinion; jurisdiction is relinquished.