# Pike County Children & Youth Services v. Strueli

168

C.P. of Pike County, nos. 640-1998 and 641-1998 Civil.

*Bruce DeSarro, assistant district attorney,* for plaintiff.

*Gregory Chelak,* for defendants.

THOMSON Jr., *P.J.,* November 16, 1999—Upon consideration of the motion for summary judgment, and hearing held thereon the court finds the following:

(1) All facts have been stipulated and filed with this court on September 23, 1999.

## CONCLUSIONS OF LAW

(1) There is a sound policy favoring retroactivity in most cases. *Sutliff v. Sutliff,* 339 Pa. Super. 523, 556, 489 A.2d 764, 781 (1985); *Gerland v. Gerland,* 703 A.2d 70 (Pa. Super. 1997).

(2) Consequently, an order denying retroactive support will only be upheld where the trial court articulates a specific and appropriate reason to justify a nonretroactive order. *Shovlin v. Shovlin,* 318 Pa. Super. 516, 465 A.2d 673 (1983).

(3) Case-by-case approach is warranted in determining the issue of parental liability for expenses incurred

by third party in performance of services for minor child. *Trosky v. Mann,* 398 Pa. Super. 369, 581 A.2d 177 (1990).

(4) Parents are obligated to provide only for the reasonable expenses of raising their children. *Melzer v. Witsberger,* 505 Pa. 462, 480 A.2d 991 (1984).

(5) A reasonable expense in raising children is based upon the particular circumstances; the needs, the customs, and the financial status of the parties. *Melzer v. Witsberger, supra.*

(6) A person's earning capacity is defined not as an amount which a person could theoretically earn, but as that amount which a person could realistically earn under the circumstances, considering his or her age, health, mental and physical condition and training. *Strawn v. Strawn,* 444 Pa. Super. 390, 664 A.2d 129 (1995); *Myers v. Myers,* 405 Pa. Super. 290, 297, 592 A.2d 339, 342 (1991).

## RELEVANT PENNSYLVANIA STATUTES

(1) Pa.R.C.P. 1910.17(a). 42 Pa.C.S.

An order of support shall be effective from the date of the filing of the complaint unless the order specifies otherwise.

(2) 62 P.S. §704.1(a) Payments to Counties for Services to Children

(A), The department shall reimburse county institution districts or their successors for expenditures incurred by them in the performance of their obligation pursuant to this Act of December 6, 1972 known as the "Juvenile Act."

(3) 62 P.S. §704.1(a)(5)

[and the expenses of the appointment of a guardian pendente lite, summons, warrants, notices, subpoenas, travel expenses of witnesses, transportation of the child, and other like expenses incurred in proceedings under the Act, December 6, 1972, known as the "Juvenile Act."]

(4) 62 P.S. §704.1(e)

If, after due notice to the parents or other persons legally obligated to care for and support the child, and after affording them an opportunity to be heard, the court finds that they are financially able to pay all or part of the costs and expenses stated in subsection (a), the court may order them to pay the same and prescribe manner of payment.

## DISCUSSION

The first question presented before this court to decide is whether the child support order entered in this matter should be made retroactive only to the date of filing of the support complaints.

The court finds that there is a sound policy favoring retroactivity in most cases. Consequently, an order denying retroactive support will only be upheld where the trial court articulates a specific and appropriate reason to justify a nonretroactive order.

In this case, the court does not find a specific and appropriate reason to justify a nonretroactive order. The Pennsylvania statute specifically provides that, "an order of support shall be effective from the date of the filing of the complaint unless the order specifies otherwise." Pa.R.C.P. 1910.17(a). The orders contain such provisions specifying what date the order is to begin. The court finds that within the original court order, dated July 13, 1998,

that the effective date is March 31, 1998 for James Strueli. The language of the statute is clear and this court finds no reason to deviate from the statute. Therefore, the retroactive order is to begin on March 31, 1998 for James Strueli. However, the effective date is only appropriate to James Strueli. The other two children, Kimberly and Ryan, were not taken into protective child custody until July 17, 1998. Therefore, the order entered on March 28, 1999 for the remaining two children places the effective date as July 17, 1998. The defendants were placed on notice at the time of the court orders that they were to be responsible for payment from those specific dates retroactively, as per the order. Therefore, both support orders shall be effective from the dates as specified in the actual orders dated July 13, 1998 and March 28, 1999.

The second issue presented before the court is whether the court should deny the plaintiff's request for recoupment of attorney fees incurred in the juvenile proceedings.

A case-by-case approach is warranted in determining the issue of parental liability for expenses incurred by third parties in performance of services for a minor child. As observed by our Supreme Court in *Melzer v. Witsberger, supra,* "parents are obligated to provide only for the reasonable expenses of raising their children." What constitutes a reasonable expense in raising children is based upon the need, the customs, and the financial status of the parties.

In the present issue, the cost of attorney's fees incurred in the juvenile proceedings would be considered a reasonable expense. When examining the relevant Pennsylvania statutes and the applicable state law, the

attorney's fees fall directly into what will be considered a reasonable expense. The parents had due notice because within the order can be found a breakdown of the parents' financial obligations. The parents received this order and modification on March 28, 1999 and were afforded the opportunity to be heard. The court finds that the defendants are financially able to pay all or part of the costs.[1] Furthermore, subsection 704.1(a)(5) holds the parents liable for numerous expenses, including transportation of children and other like expenses incurred in proceedings. When examining the present case, it is clear that both parents were aware of incurring legal fees as part of dependency proceedings for their children. The parents were also aware of their liability to a third party based on the order entered against them on March 28, 1999. Therefore, the parents are liable for attorney's fees.

The third issue for the court to decide is whether the fees of travel expenses incurred in returning the minor children to the United States should be paid by the defendants.

Using the law as stated in the previous paragraph, the defendants again are liable for the costs of transporting the children back to the United States. Although the order from England states the fees should be assessed to the plaintiff, this does not mean that they are later not recoverable. Again, the best interest and safety of the children are what is at issue. The cost of getting the children back to the United States was reasonable under the circumstances. Parents are liable for the costs of transporting their children.[2] Furthermore, the parents again

---

1. See 62 P.S. §704.1(e).
2. See 62 P.S. §704.1(a)(5).

had notice of their responsibility to pay these fees in the order dated March 28, 1999. It would be reasonable for the parents to believe that they would be responsible for the costs of transporting the children back to the United States. After all, the children would not have even been in England had it not been for the actions of the parents. Therefore, it would be reasonable for a parent to assume that they would be responsible for the costs of returning their child to its original location.

The final issue for the court to decide is whether to defer the imposition of the child support order with regard to the defendant, Lorraine Strueli, until she obtains gainful employment.

A person's earning capacity is defined "not as an amount which the person could theoretically earn, but as that amount which the person could realistically earn under the circumstances, considering his or her age, health, mental and physical condition and training. There are no facts to indicate that Mrs. Strueli cannot realistically obtain any other sort of employment. The fact that she does not receive any more assignments from the Kelly Services, regardless of the reason, does not justify her failure to pay the child support due. Mrs. Strueli has not presented any evidence that she cannot find other employment. Also, Mrs. Strueli has not presented any evidence that she would be unable to find other employment due to a physical, mental or age-related condition.

## ORDER

And now, November 16, 1999, upon consideration of plaintiff Pike County Children and Youth Services' motion for summary judgment, briefs filed thereto, and ar-

gument held thereon, plaintiff's motion for summary judgment is granted as to all parts, except as to the date of retroactive payments of Kimberly and Ryan Strueli, which shall be July 17, 1998. The date of retroactive payments for James Strueli will be March 3, 1998.

