# McCready v. McCready.

2

*George W. Westervelt,* for plaintiff.
*Chad Martinez,* for plaintiff.
*Richard D. James,* for defendant.

HIGGINS, *J.,* April 2, 2012—Suzanne V. McCready ("wife") and Beau J. McCready ("husband") were married on August 31, 2005, in Brodheadsville, Monroe County, Pennsylvania. Two children were born from the marriage, Brittany Marie McCready (DOB 03/24/2006) and Autumn Faith McCready (DOB 10/25/2007). The parties separated on July 12, 2011, and wife filed a complaint for support on July 21, 2011, seeking spousal support and child support from husband. An amended complaint was filed on July 26, 2011. Wife filed a divorce complaint on October 31, 2011. A support hearing was held before the master on November 9, 2011. On December 7, 2011, the report and recommendations of the master were made an order of court. On December 27, 2011, wife filed timely

exceptions to the support master's findings. The matter was praeciped for oral argument and the court heard arguments on March 5, 2012.

## DISCUSSION

When evaluating the merits of the parties' exceptions, we must first examine the master's report. Our function is to review the master's factual findings to determine if the recommendations are appropriate. *Ewing v. Ewing*, 843 A.2d 1282, 1286 (Pa. Super. 2004)(citation omitted). In Pennsylvania, a "master's report and recommendation, although only advisory, is to be given the fullest consideration, particularly on the question of credibility of witnesses, because the master has the opportunity to observe and assess the behavior and demeanor of the parties." *Moran v. Moran*, 839 A.2d 1091, 1095 (Pa. Super. 2003)(citation omitted). However, a master's report "is advisory only...and the reviewing court is not bound by it and it does not come to the court with any preponderate weight or authority which must be overcome." *Rothrock v. Rothrock*, 765 A.2d 400, 404 (Pa. Super. 2000)(citation omitted). We will, however, affirm the master if his recommendations are supported by the record.

Wife filed two exceptions to the master's support recommendations. In her first argument, wife argues that the master erred in determining that she did not demonstrate her entitlement to spousal support.

"The purpose of spousal support is to assure a reasonable living allowance to the party requiring support." *Fexa v. Fexa*, 578 A.2d 1314, 1319 (Pa. Super. 1990)(citation omitted). "The duty to provide spousal support is concomitant with the marital relationship, and terminates

with the ending of the marriage." *Id* (citation omitted). Spousal support is attendant to the circumstances of the parties and is to be "based upon the reasonable needs of the spouse seeking support and the ability of the obligor to provide support." *Strawn v. Strawn*, 664 A.2d 129, 132 (Pa. Super. 1995)(citation omitted). Moreover, a dependent spouse is entitled to support until it is proven that the conduct of the dependent spouse constitutes grounds for a fault divorce. *Roach v. Roach*, 487 A.2d 27 (Pa. Super. 1985)(citations omitted). In addition, the court must consider the parties' net incomes and earning capacity in a support action. 23 Pa. C.S.A. § 4322 (a).

Although Wife disputes that she must demonstrate her entitlement to spousal support, the *Strawn* court stated that "it is her burden to prove (entitlement to spousal support) and (it is) the lower court's duty to assess her entitlement to it." *Id.* The *Strawn* court noted that the master failed to develop the facts surrounding the appellant's earning capacity and the master determined appellant had no earning capacity where the evidence was insufficient to make such determination.

Instantly, the record of the master's hearing demonstrates that the master considered the parties' earning capacity and wife's entitlement to spousal support. Wife testified that she has an eleventh grade education and did not graduate high school. [Notes of testimony, November 9, 2011, at p.3 (hereinafter referred to as "N.T., at p.)] The last time wife was employed was about ten years ago. [N.T., p.4] She is 28 years old and does not have any physical impairments which prohibit her from working. She is capable of working. [N.T., p.4, 11] Wife is a stay at home mother and cares for her two children, ages 6 and 4, from the marriage [N.T., p. 4], and a third child, age 10.

Wife is currently looking for employment. [N.T., p.5]

In the master's report, he noted that wife is unemployed but capable of obtaining employment. Accordingly, an income was imputed to her. Husband argues that wife is not entitled to spousal support until she demonstrates that she cannot meet her reasonable needs without it. The record in this matter clearly demonstrates that wife is presently unemployed and is caring for three young children. Wife has not worked outside of the home during the duration of the marriage and is currently seeking employment. Under these circumstances, we believe that wife is entitled to spousal support based upon the statewide guidelines set forth in 23 Pa. C.S.A. § 4322 (a). Accordingly, this exception will be granted.

Wife's second and final exception concerns the payment of alimony pendent lite ("APL"). The purpose of alimony pendente lite (APL) is "to enable the dependent spouse to prosecute or to defend a divorce action." *DeMasi v. DeMasi*, 530 A.2d 871, 880 (Pa. Super. 1987)(citation omitted). It also is intended "to help the dependent spouse maintain the standard of living enjoyed while living with the independent spouse." *Id.*, at 880, (citation omitted). APL is temporary support "available to those who demonstrate the need for maintenance and professional services during the pendency of the proceedings." *Jayne v. Jayne*, 663 A.2d 169, 176 (Pa. Super. 1995). When faced with a request for APL, the court should consider the following factors:

...the ability of the other party to pay; the separate estate and income of the petitioning party; and the character, situation, and surroundings of the parties.

*Litmans v. Litmans*, 673 A.2d 382, 389 (Pa. Super. 1996) (citation omitted).

In the instant case, the master determined that wife was not entitled to APL because she failed to request APL in a complaint filed with the domestic relations office and wife failed to set forth a separate count for APL in her divorce complaint. A pleading has been defined as a "formal document in which a party to a legal proceeding sets forth or responds to allegations, claims, denials or defenses." Blacks Law Dictionary, 7th Ed. (1999). Pa. R.C.P. 1021 (a) requires that a pleading demanding relief "shall specify the relief" requested. After a review of wife's complaints filed for support and in divorce, we find nothing which can be construed as a request for APL outside of the general prayer for relief in the "Wherefore" clause. However, nothing prohibits wife from filing for APL in the future.

Moreover, wife failed to support her argument with any legal authority. We note that issues not developed or supported by citation to appropriate legal authority are waived. *Treasure Lake Property Owner's Association, Inc. v. Meyer*, 832 A.2d 477 (Pa.Super. 2003). Based on the evidence before the master at the time of the hearing, the court finds that it was appropriate for the master to deny wife's request for APL. Accordingly, this exception is denied.

## ORDER

And now, March 30, 2012, after consideration of plaintiff's exceptions to the master's recommendations, it is hereby ordered as follows:

1. Plaintiff's exception alleging the master erred in

denying her spousal support is granted.

2. Plaintiff's exception alleging the master erred by failing to grant her alimony pendente lite is denied.

3. This matter shall be remanded back to the support master to determine spousal support in a manner consistent with the mandates of this opinion.