J-S61003-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| D.W. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| S.A., | |
| Appellant | No. 300 MDA 2015 |

Appeal from the Order entered January 12, 2015
in the Court of Common Pleas of York County
Civil Division, at No(s): 2014-FC-001647-03

BEFORE:  PANELLA, J., WECHT, J., and STRASSBURGER[*], J.

MEMORANDUM BY PANELLA, J.                 **FILED DECEMBER 14, 2015**

S.A. ("Father") appeals *pro se* from the order entered on January 12, 2015, awarding D.W. ("Maternal Aunt") sole legal and physical custody of the minor child, K.A.D. ("Child") born in 2000.  The order awarded Father, who is incarcerated, partial supervised physical custody of Child as the parties may from time to time agree, and as supervised by Maternal Aunt or her designee, until such time as the court is able to assess Father's threat of harm to Child.  We affirm.

M.A. ("Mother") and Father were the natural parents of Child. Mother, who was married to Father, died unexpectedly in December 2013. Father is currently incarcerated in the York County Prison.  Child has been in

_____

[*] Retired Senior Judge assigned to the Superior Court.

the custody of Maternal Aunt, who resides in York and has been serving *in loco parentis* since Mother's death.

On September 11, 2014, Maternal Aunt filed a complaint in custody, seeking sole legal custody and sole physical custody of Child. The court entered an order that appointed a custody conciliator and directed the parties to attend a custody conciliation conference, in person, on September 29, 2014. The conciliation order further directed Father to be evaluated as to criminal offenses that would preclude the court from entering an award of custody to him, including driving under the influence of alcohol or a controlled substance, set forth in the former 75 Pa.C.S.A. § 3731, and driving after imbibing alcohol or utilizing drugs, set forth in 75 Pa.C.S.A. Chapter 38.

The court held a custody conciliation hearing on September 29. Father, who remained incarcerated, failed to attend the conciliation. On October 21, 2014, the court entered an interim order for custody pending the custody hearing, and, due to Father's multiple Section 5329 convictions, awarded Maternal Aunt sole legal and physical custody of Child. In the interim order, the court directed Father to obtain a section 5329 evaluation.[1]

On October 21, 2014, the court entered an order scheduling a pre-hearing conference for November 26, 2014. The court held the conference on November 26, and Father again failed to appear. In the order entered on

---

[1] ***See*** 23 Pa.C.S.A. § 5329.

December 2, 2014, the court stated, "Father must have completed a Section 5329 evaluation before any custody rights are awarded [to] him."

On December 8, 2014, the court entered an order scheduling the custody hearing to occur on January 9, 2014, and directed as follows.

> The [c]ourt has reviewed the docket in this matter and has determined pursuant to the Interim Order that Father may pose a threat of harm to the Child. Father failed to appear at the scheduled pre-trial conference to present evidence that he does not pose a threat of harm to the Child. Therefore, the [c]ourt has set this matter for trial as noted above at which time it will hear evidence first on whether Father continues to pose a threat of harm to the Child as directed in the Interim Order, and secondly on the custody factors outlined in [23] Pa.C.S.A. § 5328 by the Plaintiff. The burden is on Father to show that he does not pose a threat of harm to the Child.
>
> Should Defendant fail to appear or produce evidence that he does not pose a threat of harm to his Child, then the Court will enter the Interim Order as a Final Order of Court, as provided in that Order.
>
> Father is reminded of his obligation to appear at the time of trial, and if he remains incarcerated, shall contact the York County Sheriff's Department to make the appropriate arrangements for his transportation from the York County Prison to the York County Judicial Center for his scheduled [c]ustody [t]rial.

Order Scheduling Custody Hearing, 12/8/14, at 2.

Father failed to appear at the custody hearing on January 9, 2015, and failed to obtain a custody evaluation by the time of the custody hearing. The court heard testimony from Child. In an order entered on January 12, 2015, the court awarded Maternal Aunt sole legal and primary physical custody of Child. The court awarded Father supervised partial physical

custody, as supervised by Maternal Aunt or her designee, until such time as the court is able to assess Father's threat of harm to Child. In addition, the court provided that Maternal Aunt would retain custody of Child's passport, and that the passport is to remain in the custody of Maternal Aunt until further order of the court. The court further provided that Father, who is presently in prison, is afforded no rights of unsupervised contact with Child, but may engage in letter writing and phone calls as can be agreed upon between the parties.

On February 12, 2015, Father, acting *pro se*, filed a notice of appeal with the Commonwealth Court, which was transferred to the Superior Court. Father did not file a Statement of Errors Complained of on Appeal on that date. On March 19, 2015, this Court ordered Father to file a Statement of Errors pursuant to Pa.R.A.P. 1925(a)(2)(i) and (b). On March 26, 2015, Father was granted an extension of time to file his Statement of Errors Complained of on Appeal until April 6, 2015. On April 14, 2015, this Court received Father's response and his Statement (titled as "Petition/Motion Of A Statement Of Errors"). On April 20, 2015, we discharged our March 19, 2015 order. **See In re K.T.E.L.**, 983 A.2d 745, 747 (Pa. Super. 2009) (holding that an appellant's failure to strictly comply with Pa.R.A.P. 1925(a)(2)(i) did not warrant an application of the waiver rule, as no court order had been violated, and there was no prejudice to any party). **Cf**. **J.P. v. S.P.**, 991 A.2d 904, 908 (Pa. Super. 2010 (stating the appellant waived

- 4 -

her issues on appeal with her notice of appeal and subsequently failed to timely comply with the court's order to file a concise statement).

On appeal, Father claims that the court erred in granting Maternal Aunt sole legal and physical custody of Child.

Preliminarily, we note that, although this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. **See First Union Mortg. Corp. v. Frempong**, 744 A.2d 327, 333 (Pa. Super. 1999) ("[*P*]*ro se* status does not entitle a party to any particular advantage because of his … lack of legal training."); **Strawn v. Strawn**, 664 A.2d 129, 132 (Pa. Super. 1995). Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of Court. **See Jones v. Rudenstein**, 585 A.2d 520, 522 (Pa. Super. 1991). This Court may quash or dismiss an appeal if an appellant fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure. **See** Pa.R.A.P. 2101; **Laird v. Ely & Bernard**, 528 A.2d 1379 (Pa. Super. 1987).

The applicable rules of appellate procedure mandate that an appellant's brief *shall* consist of the following matters, separately and distinctly entitled and in the following order:

> (1)    Statement of jurisdiction.
> (2)    Order or other determination in question.
> (3)    Statement of both the scope of review and the standard of review.
> (4)    Statement of the questions involved.
> (5)    Statement of the case.

- 5 -

> (6)   Summary of the argument.
>
> (7)   Statement of the reasons to allow an appeal to challenge the discretionary aspects of a sentence, if applicable.
>
> (8)   Argument for the appellant.
>
> (9)   A short conclusion stating the precise relief sought.
>
> (10)  The opinions and pleadings specified in Subdivisions (b) and (c) of this rule.
>
> (11)  In the Superior Court, a copy of the statement of the matters complained of on appeal filed with the trial court pursuant to Rule 1925(b), or an averment that no order requiring a Rule 1925(b) statement was entered.

Pa.R.A.P. 2111.

Further, the Pennsylvania Rules of Appellate Procedure provide:

> Briefs and reproduced records *shall* conform in all material respects with the requirements of these rules as nearly as the circumstances of the particular case will admit, otherwise they may be suppressed, and, if the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be quashed or dismissed.

Pa.R.A.P. 2101 (emphasis added). ***See also*** Pa.R.A.P. 2114-2119 (addressing specific requirements of each subsection of brief on appeal).

Instantly Father is proceeding *pro se* on appeal. Father's brief is in the form of a letter addressed to the Court detailing Father's grievances. The brief fails to conform to most of the requirements set forth under the Pennsylvania Rules of Appellate Procedure, and fails to present cogent arguments or appropriate citations to legal authority or to the certified record. ***See*** Pa.R.A.P. 2111(a); Pa.R.A.P. 2119. The substantial defects in Father's brief constitute sufficient grounds to dismiss the appeal. ***See***

- 6 -

*Laird*; Pa.R.A.P. 2119. Nevertheless, in our exercise of discretion, we will examine the issue on appeal as the court framed it.

Initially, we observe that, as the hearing in this matter was held on January 9, 2015, the Child Custody Act ("Act"), 23 Pa.C.S.A. §§ 5321 to 5340, is applicable. *See C.R.F. v. S.E.F.*, 45 A.3d 441, 445 (Pa. Super. 2012) (holding that, if the custody evidentiary proceeding commences on or after the effective date of the Act, *i.e.*, January 24, 2011, the provisions of the Act apply).

In custody cases, our standard of review is as follows.

> In reviewing a custody order, our scope is of the broadest type and our standard is abuse of discretion. We must accept findings of the trial court that are supported by competent evidence of record, as our role does not include making independent factual determinations. In addition, with regard to issues of credibility and weight of the evidence, we must defer to the presiding trial judge who viewed and assessed the witnesses first-hand. However, we are not bound by the trial court's deductions or inferences from its factual findings. Ultimately, the test is whether the trial court's conclusions are unreasonable as shown by the evidence of record. We may reject the conclusions of the trial court only if they involve an error of law, or are unreasonable in light of the sustainable findings of the trial court.

*Id*., at 443 (citation omitted).

We have stated that

> [t]he discretion that a trial court employs in custody matters should be accorded the utmost respect, given the special nature of the proceeding and the lasting impact the result will have on the lives of the parties concerned. Indeed, the knowledge gained by a trial court in observing witnesses in a custody proceeding cannot adequately be imparted to an appellate court by a printed record.

- 7 -

***Ketterer v. Seifert***, 902 A.2d 533, 540 (Pa. Super. 2006) (quoting

***Jackson v. Beck***, 858 A.2d 1250, 1254 (Pa. Super. 2004)).

In ***M.A.T. v. G.S.T.***, 989 A.2d 11 (Pa. Super. 2010) (*en banc*), we

stated the following regarding an abuse of discretion standard.

> Although we are given a broad power of review, we are constrained by an abuse of discretion standard when evaluating the court's order. An abuse of discretion is not merely an error of judgment, but if the court's judgment is manifestly unreasonable as shown by the evidence of record, discretion is abused. An abuse of discretion is also made out where it appears from a review of the record that there is no evidence to support the court's findings or that there is a capricious disbelief of evidence.

***Id***., at 18-19 (quotation and citations omitted).

The paramount concern is the best interests of the child. ***See*** 23

Pa.C.S.A. §§ 5328, 5338. The Act provides that, upon petition, a court may

modify a custody order if it serves the best interests of the child. ***See*** 23

Pa.C.S.A. § 5338. The Act sets forth the sixteen best interest factors that

the court must consider. ***See*** 23 Pa.C.S.A. § 5328(a). ***See also E.D. v.***

***M.P.***, 33 A.3d 73, 80-81, n.2 (Pa. Super. 2011).

Section 5328 of the Act provides as follows.

> **§ 5328. Factors to consider when awarding custody**
>
> **(a) Factors.**—In ordering any form of custody, the court shall determine the best interest of the child by considering all relevant factors, giving weighted consideration to those factors which affect the safety of the child, including the following:
>
> > (1) Which party is more likely to encourage and permit frequent and continuing contact between the child and another party.

(2) The present and past abuse committed by a party or member of the party's household, whether there is a continued risk of harm to the child or an abused party and which party can better provide adequate physical safeguards and supervision of the child.

(3) The parental duties performed by each party on behalf of the child.

(4) The need for stability and continuity in the child's education, family life and community life.

(5) The availability of extended family.

(6) The child's sibling relationships.

(7) The well-reasoned preference of the child, based on the child's maturity and judgment.

(8) The attempts of a parent to turn the child against the other parent, except in cases of domestic violence where reasonable safety measures are necessary to protect the child from harm.

(9) Which party is more likely to maintain a loving, stable, consistent and nurturing relationship with the child adequate for the child's emotional needs.

(10) Which party is more likely to attend to the daily physical, emotional, developmental, educational and special needs of the child.

(11) The proximity of the residences of the parties.

(12) Each party's availability to care for the child or ability to make appropriate child-care arrangements.

(13) The level of conflict between the parties and the willingness and ability of the parties to cooperate with one another. A party's effort to protect a child from abuse by another party is not evidence of unwillingness or inability to cooperate with that party.

(14) The history of drug or alcohol abuse of a party or member of a party's household.

(15) The mental and physical condition of a party or member of a party's household.

(16) Any other relevant factor.

23 Pa.C.S.A. § 5328(a).[2]

Section 5329 of the Act provides, in relevant part, the following.

## § 5329. Consideration of criminal conviction

**(a) Offenses.—**Where a party seeks any form of custody, the court shall consider whether that party or member of that party's household has been convicted of or has pleaded guilty or no contest to any of the offenses in this section or an offense in another jurisdiction substantially equivalent to any of the offenses in this section. The court shall consider such conduct and determine that the party does not pose a threat of harm to the child before making any order of custody to that parent when considering the following offenses:

* * *

The former 75 Pa.C.S. § 3731 (relating to driving under influence of alcohol or controlled substance)

75 Pa.C.S. Ch. 38 (relating to driving after imbibing alcohol or utilizing drugs).

Section 13(a)(1) of the act of April 14, 1972 (P.L. 233, No. 64), known as The Controlled Substance, Drug, Device and Cosmetic Act, to the extent that it prohibits the manufacture, sale or delivery, holding, offering for sale or possession of any controlled substance or other drug or device.

* * *

---

[2] The Act was amended, effective January 1, 2014, to include an additional factor at 23 Pa.C.S.A. § 5328(a)(2.1) (providing for consideration of child abuse and involvement with child protective services).

**(c) Initial evaluation.—**At the initial in-person contact with the court, the judge, conference officer or other appointed individual shall perform an initial evaluation to determine whether the party or household member who committed an offense under subsection (a) poses a threat to the child and whether counseling is necessary. The initial evaluation shall not be conducted by a mental health professional. After the initial evaluation, the court may order further evaluation or counseling by a mental health professional if the court determines it is necessary.

* * *

**(e) Subsequent evaluation.—**

(1) At any time during or subsequent to the counseling under subsection (d), the court may require another evaluation to determine whether further counseling is necessary.

(2) If the court awards custody to a party who committed an offense under subsection (a) or who shares a household with an individual who committed an offense under subsection (a), the court may require subsequent evaluations on the rehabilitation of the offending individual and the well-being of the child subsequent to the order. If, upon review of a subsequent evaluation, the court determines that the offending individual poses a threat of physical, emotional or psychological harm to the child, the court may schedule a hearing to modify the custody order.

* * *

23 Pa.C.S.A. § 5329.

The record fully supports the court's conclusions regarding custody. In this case, the court did proceed to assess the sixteen factors set forth in section 5328(a), as the court found that father had committed offenses that resulted in criminal convictions that were to be considered under section 5329 of the Act. The court found that Father had been convicted of three

- 11 -

counts of driving under the influence, which were convictions for the court to consider under section 5329. **See** N.T., 1/9/15, at 12-13. The court also found that Father had been charged with possession with intent to deliver, which was an offense that is to be considered under section 5329. **See id**., at 13. Moreover, the court found that Father had pending a fourth driving under the influence charge. **See id**. The court stated that it needed to consider Father's criminal convictions under section 5329 in order to determine whether Father's criminal conduct posed a threat of harm to Child before making any order of custody with regard to Father. **See id**.

Father did not appear at the pre-hearing conciliation, the pre-trial conference, or at the custody hearing on January 9, 2015, although the court had notified him that it was his responsibility to attend the pre-hearing conciliation and the hearing. **See id**., at 11-12. The court also notified Father in the pre-trial order, entered on December 2, 2014, that he must have first completed a section 5329 custody evaluation before the court could award him any custody rights. **See id**., at 12-13. He failed to do so.

As a result, the court was precluded from being able to assess whether Father poses a risk of physical, emotional, or psychological harm to Child. **See id**., at 13. At the hearing, the court had the opportunity to speak with Child, however. Child, who was fourteen at the time of the hearing, stated that she does not have a desire to see Father at this time. **See** N.T., 1/9/2015, at 13.

In view of the circumstances, as set forth by the court, we find that the competent evidence in the record supports the court's determination, under section 5329 of the Act, awarding Maternal Aunt primary physical custody and primary legal custody of Child, and Father supervised partial physical custody until such time as the court may assess the threat of harm that Father may pose to Child. The court's conclusion is not unreasonable in light of its findings. Accordingly, we find no error of law or abuse of discretion, and we affirm the court's order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/14/2015