J-S35029-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| DEBORAH M. BOWEN, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| MARK P. BOWEN, | |
| Appellee | No. 3093 EDA 2015 |

Appeal from the Order Entered September 14, 2015
In the Court of Common Pleas of Montgomery County
Civil Division at No(s): 2014-24187

BEFORE:  FORD ELLIOTT, P.J.E., BENDER, P.J.E., and MUSMANNO, J.

MEMORANDUM BY BENDER, P.J.E.:               **FILED JUNE 21, 2016**

Deborah M. Bowen (Deborah) appeals from the order entered on September 14, 2015, after a *de novo* hearing, that required Mark P. Bowen (Mark)[1] to pay to Deborah the amount of $1100.00 per month for spousal support.  We vacate and remand.[2]

---

[1] Mark, who has proceeded *pro se*, has not filed a brief with this Court.

[2] Upon receipt of this appeal, this Court entered a *per curiam* order, dated October 28, 2015, directing Deborah to show cause why her appeal should not be quashed in that it was unclear whether the order was in fact a final appealable order.  **See** Pa.R.A.P. 341(b)(1) (a final order is any order that disposes of all claims and of all parties); **Leister v. Leister**, 684 A.2d 192 (Pa. Super. 1996) (spousal support is not appealable until all economic issues in a divorce action have been resolved).  Deborah's response, dated November 4, 2015, stated that she has not filed a divorce complaint nor has she been served

*(Footnote Continued Next Page)*

The trial court's order provided that:

[Deborah's] only source of income is SSI [disability benefits] in the amount of $675 per month.

[Mark's] net income after legal deductions is $4494.03 per month and … he pays $820.01 per month for medical and dental insurance for himself and [Deborah].

Effective June 12, 2014 and thereafter, [Mark] (Payor in Support) is ordered to pay to PA SCDU, PO Box 69110, Harrisburg, Pa 17106-9100 the amount of $1100.00 per month for spousal support.

A deviation from the Guideline calculation has been applied due to other income in [Deborah's] household; medical expenses not covered by insurance and other relevant factors including that the parties have been separated since 20[1]1.[3]

The monthly support obligation includes cash medical support in the amount of $250 annually for unreimbursed medical expenses incurred for spouse. Unreimbursed medical expenses of [Deborah] that exceed $250 annually shall be allocated between the parties. The party seeking allocation of unreimbursed medical expenses must provide documentation of expenses to the other party no later than March 31st of the year following the calendar year in which the final medical bill to be allocated was received. The unreimbursed medical expenses are to be paid as follows:

_(Footnote Continued)_ ⎯⎯⎯⎯⎯⎯⎯⎯

with a divorce complaint. Therefore, it appears that no other action is pending between the parties and we will consider the order appealed from as a final order.

[3] The trial court's support order provided that the parties have been separated since 2001. However, in the trial court's opinion, it recognized that the order contained a "scrivner's error" and clarified that the parties have actually been separated for four years, _i.e._, since 2011. **See** Trial Court Opinion (TCO), 12/2/15, at 2.

70% by [Mark] and 30% by [Deborah]

[Mark] to provide Medical Insurance

Trial Court Order, 9/10/15, at 1.

Deborah filed a timely appeal and now raises the following four issues for our review:

1. Did the trial court error [*sic*] in failing to calculate the presumptive award of Spousal Support under the support guidelines pursuant to PA Rule of Civil Procedure 1910.16 -1(d)?

2. Did the trial court error [*sic*] in failing to calculate the adjustments to the presumptive award of Spousal Support under the support guidelines because of health related premium payments paid by one party for the other pursuant to PA Rule of Civil Procedure 1910.16 -6(b)?

3. Did the trial court error [*sic*] in failing to calculate the adjustments to the presumptive award of Spousal Support under the support guidelines because of anticipated regular unreimbursed medical expenses under the Support Guidelines using Pennsylvania Rule of Civil Procedure 1910.16- 6(c)(5)?

4. Did the trial court abuse its discretion by failing to provide reasons for a downward deviation from the presumptive award of Spousal Support under the support guidelines pursuant to PA Rule of Civil Procedure 1910.16 -5?

Deborah's brief at 3.

Generally, when reviewing a spousal support order, we are bound by the following well-settled standard:

> We may reverse a support order only where the order cannot be sustained on any valid ground. Absent an abuse of discretion or insufficient evidence to sustain the support order, this court will not interfere with the broad discretion afforded the trial court…[.] Where there is insufficient evidence to support

> > the trial court's order, the judgment is manifestly unreasonable and must be reversed.
>
> > ***Strawn v. Strawn***, 444 Pa. Super. 390, 664 A.2d 129, 131 Pa. Super. 1995) (citing ***McKolanis v. McKolanis***, 435 Pa. Super. 103, 644 A.2d 1256 (Pa. Super. 1994)). In evaluating a spouse's support obligation, the trial court must consider the spouses' income, potential earning capacity, and other property and financial resources. ***Brotzman-Smith v. Smith***, 437 Pa. Super. 509, 650 A.2d 471, 475 (Pa. Super. 1994). We bear in mind that, in addition, the amount of the award must be fair, nonconfiscatory, and attendant to the circumstances of the parties. ***Id***.

***Haselrig v. Haselrig***, 840 A.2d 338, 339-40 (Pa. Super. 2003).

Deborah first asserts that the trial court failed to calculate the presumptive award under the support guidelines as required by Pa.R.C.P. 1910.16-1. Specifically, Rule 1910.16-1(d) provides that there is "a rebuttable presumption that the amount of the award determined from the guidelines is the correct amount of support to be awarded." ***Id.*** Although Deborah acknowledges that the trial court correctly accepted Mark's net monthly income as $4,494.03, and her net monthly income from her social security disability benefits as $675.00, she points out that the court did not calculate the presumptive award determined from the guidelines, which she now claims would be $1,527.60. Having scoured the record, we are unable to locate a guideline support amount calculated by either the court or the domestic relations office.

We do recognize that in directing that Mark pay to Deborah $1,100 per month for spousal support, the court explained that it deviated from the guideline calculation, however, by how much is an unanswered question. While the section of the Rules of Civil Procedure dealing with support matters provides for deviation from the guidelines, the starting point is the guideline amount. **See** Pa.R.C.P. 1910.16-5(a). That section states "[i]f the amount of support deviates from the amount of support determined by the guidelines, the trier of fact **shall** specify, in writing or on the record, the guideline amount of support, and the reasons for, and findings of fact justifying, the amount of the deviation." **Id.** (emphasis added).

Due to the failure of the court to include some of these requirements as set forth in Rule 1910.16-5, our review of the issues raised by Deborah cannot be accomplished. Therefore, we are compelled to vacate the order appealed from and remand for further proceedings.

Order vacated. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/21/2016

- 5 -