J-S09037-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JUNIATA VALLEY BANK | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| SCOTT R. GOCHENAUR AND MARCIA | : | |
| L. GOCHENAUR | : | |
| | : | |
| Appellants | | No. 1366 MDA 2017 |

Appeal from the Judgment August 22, 2017
In the Court of Common Pleas of Perry County
Civil Division at No(s):  CV-MF-2016-00046, LP-EJ-2017-0004

BEFORE:   GANTMAN, P.J., McLAUGHLIN, J., and PLATT*, J.

MEMORANDUM BY GANTMAN, P.J.:                     **FILED MAY 14, 2018**

Appellants, Scott R. Gochenaur and Marcia L. Gochenaur,[1] appeal *pro se* from the judgment entered in the Perry County Court of Common Pleas, which granted judgment of possession in favor of Appellee, Juniata Valley Bank ("Bank"), in this ejectment (possession) action.  For the following reasons, we dismiss the appeal.

The relevant facts and procedural history of the parties' current dispute began as a result of the prior foreclosure proceedings and the subsequent sale of the mortgaged property to Bank at a Sheriff's sale.  On

_____

[1] All of the documents in this case as well as on appeal were filed in the name of Scott R. Gochenaur **and** Marcia L. Gochenaur, including their open motions on appeal for emergency relief.  Therefore, we have amended the caption to reflect both parties as appellants.

_____

*   Retired Senior Judge assigned to the Superior Court.

or about May 30, 2017, Bank filed an action, properly endorsed with a notice to plead, against Appellants for possession of the property. In Bank's complaint, it alleged, *inter alia*, that it is the record owner of the real estate specified, by virtue of the Sheriff's Deed, dated and recorded on May 18, 2017, and attached to the complaint. The complaint also averred that, notwithstanding the foreclosure, sale, transfer and recording of the deed, Appellants continued to occupy the premises without right or license since May 18, 2017. The complaint asked the court to enter a judgment of possession in favor of Bank and against Appellants. The complaint was duly presented to Appellants on June 5, 2017.

In response, Appellants filed an untitled document on June 19, 2017, comprised of a single paragraph, stating: "AND NOW COMES [Scott] and Marcia Gochenaur hereinafter Scott Gochenaur *et al.* does hereby Refuse this matter for Fraud and/or Cause without dishonor, without prejudice and without remorse" (citing by hand three sections of the Pennsylvania Uniform Commercial Code at 13 Pa.C.S. 3501(b)(3), 1207, and 3415(b). Bank filed a motion for judgment on the pleadings on June 29, 2017. The court scheduled oral argument on Bank's motion for July 11, 2017.

On July 11, 2017, Appellants filed a document titled "Void Judgment," which purportedly challenged the judgment in foreclosure, entered in April **2016**, and consequently the Bank's right to possession of the property, followed by a string of unsupported assertions of fraud, personal or subject

matter jurisdiction, standing, and forgery. At the hearing on Bank's motion that day, the court reviewed Bank's complaint for possession and Appellants' failure to file a proper answer to that complaint. The court said that an answer to the complaint, attending to each averment in the complaint, together with perhaps a new matter, could possibly have raised factual matters precluding disposition on the current pleadings. Instead, according to the court, Appellants' failure to follow the applicable rules of civil procedure in this action and to file an adequate response to Bank's complaint constituted admissions to the allegations in the complaint. Therefore, the court reasoned Bank was entitled to a favorable judgment.

Before the court pronounced its decision, Appellants made an oral motion for recusal, alleging a prior action in a similar case to prove the court could not be fair and impartial in the present case. The court withheld its decision on Bank's motion for thirty days to allow Appellants to provide additional motion and supporting documents on the recusal request. By order dated August 10, 2017, and filed on August 11, 2017, the court denied the recusal motion and ruled in favor of Bank.

After the court had made its decision, Appellants untimely filed a document the next day, purporting to challenge Bank's right to possession, on the grounds of standing, fraud, forgery, subject matter jurisdiction, and including various general statements of federal law on the disqualification of judges for multiple reasons, including treason and criminal acts. On August

22, 2017, Bank filed a *praecipe* for entry of judgment of possession in the current action. Judgment of possession was entered on August 22, 2017, and a writ of possession was issued to Bank that same day. Appellants timely appealed on August 30, 2017. By order dated August 30, 2017, and filed August 31, 2017, the court ordered Appellants to file and serve on the court a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b) within 25 days from the date of the order, and warned Appellants that any issue not properly included in the statement would be deemed waived. The order and the docket entries reflect that copies of the Rule 1925(b) order were sent to all relevant parties. The Rule 1925(b) statement was due on or before September 25, 2017. Appellants did not file a Rule 1925(b) statement.

As a prefatory matter, Bank has filed a motion to quash or dismiss the appeal because: (1) with respect to any challenge to the mortgage foreclosure itself, the appeal is untimely, where the final order in the foreclosure action was the court's order of April 28, 2017, which denied Appellants' petition to "open and void default judgment," as an inappropriate attempt to disturb the foreclosure judgment *nunc pro tunc*; (2) with respect to the ejectment action, Appellants failed to file a court-ordered Rule 1925(b) statement; (3) also with respect to the ejectment action, the only matter in Appellants' "appeal" document was the denial of Appellants' motion for recusal, which Bank claims is "interlocutory and unappealable."

For these reasons, Bank concludes we should quash or dismiss the appeal. We agree the appeal should be dismissed, albeit on slightly different grounds.

Instantly, the trial court ordered Appellants to file and serve on the court a Rule 1925(b) statement within twenty-five days of the date of the order. The order also warned that any issue "not properly included in the Statement timely filed and served pursuant to Pa.R.A.P. 1925(b) shall be deemed waived." (**See** Order, filed 8/31/17, at 1.) A notation appears on the order **and** on the certified docket that the Prothonotary provided notice of the court's order to the parties on August 31, 2017. Thus, the court's order complied with the technical requirements of Rule 1925(b). Appellants, however, failed to file the court-ordered Rule 1925(b) statement; in a civil case, that failure results in automatic waiver of the issues raised on appeal. **See Greater Erie Indus. Development Corp. v. Presque Isle Downs, Inc.**, 88 A.3d 222, 224 (Pa.Super. 2014) (*en banc*). Ordinarily, when the issues are waived for review, the court's order is more properly affirmed. **See In re K.L.S.**, 594 Pa. 194, 197 n.3, 934 A.2d 1244, 1246 n.3 (2007) (noting when appellant has waived issues on appeal, appellate court can affirm trial court's decision). Contrary to Bank's assertion, however, the court's order denying Appellants' recusal motion would have been reviewable on appeal, but for Appellants' Rule 1925(b) waiver, once judgment of possession was entered in favor of Bank.

More importantly, however, Appellants' brief on appeal violates the relevant rules of appellate procedure.[2] *See* Pa.R.A.P. 2101, 2111, 2114-2119. The substantial defects in Appellants' brief would preclude meaningful review, even if Appellants had properly preserved any issues, and constitute independent grounds to suppress the brief and dismiss the appeal. *See* Pa.R.A.P. 2101; *Smathers v. Smathers*, 670 A.2d 1159, 1160 (Pa.Super. 1996) (holding substantial defects in appellant's brief precluded meaningful judicial review). Accordingly, we grant Bank's motion to dismiss, on slightly different grounds, and dismiss this appeal.[3]

Appeal dismissed.

---

[2] Although this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. *First Union Mortg. Corp. v. Frempong*, 744 A.2d 327, 333 (Pa.Super. 1999) (stating "*pro se* status does not entitle a party to any particular advantage because of his…lack of legal training"); *Strawn v. Strawn*, 664 A.2d 129 (Pa.Super. 1995). Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of Court. *Jones v. Rudenstein*, 585 A.2d 520, 522 (Pa.Super. 1991), *appeal denied*, 529 Pa. 634, 600 A.2d 954 (1991). This Court may quash or dismiss an appeal if an appellant fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 2101.

[3] Appellants' open motions for emergency relief and addendum are denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>5/14/18</u>